Caruthers, J.,
delivered the opinion of the Court.
*352 This was an indictment for an assault and battery, with intent to commit a rape upon a female child of four years old. The jury convicted him, and fixed the term of imprisonment at two years in the penitentiary.
The only question- presented in the case is, whether the facts constitute the offense created by section 4615 of the Code.
After giving the common law definition of rape in the 4610th section, and in the next section prescribing the punishment of rape upon “a female of ten years and upwards,” it is then provided, in sec. 4610, that “any person who shall unlawfully and carnally know and abuse a female under the age of ten years, shall, on conviction, be punished as in cases of rape.” To constitute rape, the carnal knowledge must bo “forcible, and against the will.”
This only applies to females of ten years and upwards. But, if under ten, it need not be forcible and against the will. This, .though not rape, is a felony. But in both cases, there must be carnal knowledge. The section now under consideration, and on which the indictment is based, creates another and different felony, in which the object designed is not accomplished. It requires two elements to constitute it: an act with a certain intent. An assault and battery must be committed on a female with intent to know her “forcibly against her will.” It is difficult to conceive how any sane man could have this intent, in reference to a child of four years old. But this defendant was not drunk, and it is said, may have had such a purpose in that condition. If he had, though it was impracticable to have accomplished his object, and carried out his unholy *353 intent, tbe crime might be complete, as drunkenness is no excuse for crime. Yet we are of opinion, that this section has reference only to cases, where, if the intent was carried out, the offense would be rape. That would not be so if the female was under ten. In the description of crime intended to be committed, the words employed in the definition of rape, are used. The intent must be to have carnal knowledge of the female “forcibly and against her will.” This would not be necessary to create the offense perpetrated on a female under ten. Wo must understand the Legislature, from the language used in the definition of this felony, where the offense is to consist of the distinct common law offense of assault and battery, with an intent to commit another crime, which amounts to a felony, to refer to the crime of rape. It is the object and purpose for which the assault and battery is committed, that raises the misdemeanor to a felony. The intent to commit any other crime than rape, even that created by the 4614th section, would not make out the felony here created. It would only be an aggravated misdemeanor. Of this last offense, the defendant should have been convicted, as he would have been under a correct charge. No matter how odious and detestable we may regard the conduct of the defendant. We cannot punish him for a felony, unless the law has' declared it to be such.
The little girl was not injured, nor did her person indicate that any attempt had been made to violate her, though he carried her off into the smoke-house, and the appearance of her clothes was suspicious, when detected. His foolish and extremely improper and sense *354 less conduct, can only be accounted for, on the ground that he was drunk, so as to be almost bereft of his reason.'
Reverse the judgment and remand the cause for a new trial.